In these suits for refund of estate taxes paid by the estate of decedent, the question is whether gifts in trust to decedent’s grandchildren made within 3 years of her death at age 80 in 1965, were gifts in contemplation of death within the meaning of section 2035 of the Internal Revenue Code of 1954. In December 1962 Mrs. Chotin, who had known for some time that she had heart disease, jointly with her husband, created four trusts for her four minor grandchildren, the rest consisting of voting trust certificates derived from the family businesses. The trusts were irrevocable and would terminate when the particular beneficiary reached age 41. The long-established policy of the businesses was to declare no dividends but to reinvest profits therein. In an opinion and findings of fact filed April 24, 1972, Commissioner David Schwartz indicated that although decedent never complained nor expressed the thought that she would soon die, she had good reason, at the time she made the gifts, to be thinking of her death. While her lack of complaint and her activities were admirable qualities, this did not detract from the critical facts about her health. The test enunciated in United States v. Wells, 283 U.S. 102 (1931), makes the final criterion to be an apprehension that death is “near at hand.” The transfer may thus 'be motivated by death “even though the decedent had no idea that he was about to die,” Allen v. Trust Co., 326 U.S. 630, 635 (1946). Commissioner Schwartz concluded that evidence had not been presented to rebut the statutory presumption, under section 2035 of the Code, that the gifts in question, made within 3 years of decedent’s death, were made in contemplation of death, and that on all the evidence it appears that the gifts were made in contemplation of death. These consolidated cases came before the court on plaintiff’s brief and exceptions to the recommended decision of the commissioner and upon the brief and request of defendant for adoption of said decision by the court. Upon consideration of the briefs, exceptions and oral argument, the *883 court concludes that plaintiff has not overcome the statutory presumption under section 2035 nor the presumption of the essential correctness of the findings of the commissioner, due regard being had for his opportunity to evaluate the factual evidence. (Rule 147(b)). While plaintiff’s counsel has ably and appealingly presented the claim, since the court, upon careful consideration, agrees with the commissioner’s decision, it adopted, by order dated April 20,1973, the same as the basis for its judgment in this case. Plaintiff is not entitled to recover and the petitions are dismissed. Plaintiff’s motion for a new trial and rehearing was denied July 13, 1973.